# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DOYLE LEE HAMM,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:06-cv-00945-KOB |
| | ) |
| **RICHARD F. ALLEN, Commissioner,** | ) |
| **Alabama Department of Corrections,** | ) |
| | ) |
| | ) |
|       **Respondent.** | ) |

## MEMORANDUM OPINION ON PETITIONER'S
## RULE 59(e) MOTION AND MOTION FOR EVIDENTIARY HEARING

      On March 29, 2013, the court entered a Memorandum Opinion and Order denying Petitioner Doyle Lee Hamm's petition for writ of habeas corpus seeking relief from his state court conviction for capital murder and death sentence pursuant to 28 U.S.C. § 2254.[1] Hamm has filed a timely motion to reconsider, alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and further requests a hearing on the motion.[2] For the reasons discussed below, the motion is due to be granted in part and denied in part, and the motion for evidentiary hearing is due to be denied.

**I.    STANDARD OF REVIEW**

      The text of Rule 59(e) does not set forth specific grounds for relief, and the decision to alter or amend the judgment is committed to the sound discretion of the district court. *American Home*

---

[1] (*See* Doc. no. 26 (Memorandum Opinion) and Doc. no. 27 (Order)).

[2] (*See* Doc. no. 28 (Rule 59 motion) and Doc. no. 29 (motion for hearing)).

1

*Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). "'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)) (additional quotation marks and citation omitted in original). In contrast, Rule 59(e) may "'not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. 11 Wright, Miller & Kane, Federal Practice & Procedure § 2810.1 (2d Ed. 1995).

**II.   DISCUSSION**

Hamm presents approximately five alleged manifest errors of law or fact. Only two of those allegations bear minimal discussion.[3]

---

[3] The following three arguments merit no discussion as they are not the product of manifest errors of law or fact, and are attempts to relitigate old arguments or present new evidence and arguments that should have been raised prior to judgment and for which no useful purpose would be served by altering or amending the judgment:

2. Hamm asserts that this court erred when, as part of a 2254(d) analysis, the court found that it could be concluded that Hamm admitted to his Alabama trial counsel that he was guilty of two Tennessee convictions for which he had pled guilty. (Doc. no. 28, ¶ 2 pp. 4-5) (citing Doc. no. 26 (Memorandum Opinion) Claim V.F.3.c., p. 88))). This analysis was made in connection with an ineffective assistance of trial counsel claim regarding counsel's purported failure to investigate and challenge two prior Tennessee convictions that were utilized as aggravating factors at the penalty phase of his capital trial. (Doc. no. 26 (Memorandum Opinion) Claim V.F.3.c., pp. 80-93)). Hamm additionally contends that this court erred when it found that the state court's adjudication of the objective prong of the ineffectiveness claim did not offend 28 U.S.C. § 2254 (d). (Doc. no. 28, ¶ 8, pp. 14-15) (citing Doc. no. 26

1.  **Hamm asserts that this court made a misleading comment that the "Tennessee state [post-conviction] records" admitted as Exhibit 6 at his Alabama Rule 32 evidentiary hearing "were incomplete."  (Doc. no. 28, ¶ 1, pp. 1-3) (citing Doc. no. 26 (Memorandum Opinion) Claim III, p. 59, n. 26))).**

Habeas counsel contends that the Tennessee state post-conviction records are complete and may be found in the habeas record at Vol. 13, pp. 460-600; Vol. 14, pp. 601-672.  (Doc. no. 28, p. 2).  A cursory review of these pages shows a record that purportedly begins with a *Second Amended* Petition for Post-Conviction Relief and seems to conclude prematurely as it ends mid-way between some 21 exhibits proffered by Hamm.  Moreover, all of the Tennessee post-conviction records in the habeas record - state and federal - are repetitive and poorly organized such that it is difficult to discern where the federal habeas and state post-conviction records end and begin.  Still, when reviewing all of the Tennessee post-conviction records, both state and federal, this court was guided by the record as compiled and identified by the Alabama Clerk of Court during that state post-conviction proceedings.

The Clerk identified Exhibit 6 as admitted into evidence and titled the Exhibit "US Court of Appeals-6th Circuit Entire District Court File." (Vol. 11, p. 11).  When the Alabama post-conviction record was being assembled on collateral appeal, the trial judge ordered the Circuit Court Clerk to

---

(Memorandum Opinion) Claim V.F.3.c., p. 89))).

4.  Hamm asserts that this court made an incorrect determination of federal constitutional law when it found he had no Sixth Amendment right to counsel on appeal from his 1978 Tennessee guilty plea because neither the State of Tennessee nor the United States Constitution afford him the right to appeal from a guilty plea. (Doc. no. 28, ¶ 7, pp. 12-13) (citing Doc. no. 26 (Memorandum Opinion) Claim VI.C.1.b., p. 62))).

5.  Habeas counsel desires to take issue with the reasons the Alabama post-conviction court removed him as counsel for Hamm during the Rule 32 proceedings. (Doc. no. 28, ¶ 9, pp. 15-18).  He also demands that the court correct two instances in the habeas petition where his name is spelled 'Barnard Harcourt' instead of 'Bernard Harcourt.' *Id.* at § 10, p. 18.

3

supplement the record, and identified "most of Exhibit 6" as being pp. 213-610 and 673-849 of the record. (Vol. 22, p. 1). The court also directed that "[t]he circuit court clerk shall supplement the record to include . . . the remainder of Exhibit 6." *Id.* The Clerk's supplement reads that the "[r]emainder of Exhibit 6" is found at pages 1169-1180. *Id.* at 3 (alteration supplied). When examining Claim III of Hamm's petition, therefore, this court considered the following Volumes of the habeas record as containing the records of his Tennessee state post-conviction proceedings and Sixth Circuit Court of Appeals habeas proceedings: Vol. 12, pp. 213-400, Vol. 13 (all), pp. 401-600, Vol. 14, pp. 601-610, 673-800, Vol. 15, pp. 801-849 and Vol. 27, pp. 1168-1180.

Regardless of the completeness of the Tennessee state post-conviction record, this court had before it all information (in duplicate) necessary from the Tennessee state and federal records, as admitted into evidence by Hamm at the Rule 32 hearing, to make a full, complete and accurate determination regarding the resolution of Claim III in the habeas petition. Therefore, no useful purpose would be served by altering or amending the judgment to strike the sentence regarding the perceived incompleteness of the Tennessee state post-conviction record.

3. **Hamm asserts that this court erred in its determination of the parameters of the United State's Supreme Court's holding in *Martinez v. Ryan*, __ U.S.__ as set out in Section IV.B.1 of the habeas petition,[4] and its description of the prejudice analysis when**

---

[4] Although unmentioned by habeas counsel Bernard Harcourt, the court notes that Mr. Harcourt acted as Hamm's Alabama post-conviction counsel from 1991 until May 1, 1998, when he was replaced by court appointed counsel, Ms. Pamela Nail. Ms. Nail represented Hamm through the 1999 evidentiary hearing and through the final judgment before the Rule 32 court. Harcourt resumed his representation of Hamm on collateral appeal and remains his counsel to date. The court further considered the possibility of whether a conflict of interest could arise in connection with Harcourt's representation of Hamm because the assertion of *Martinez* as cause to overcome a procedurally defaulted ineffective assistance of trial counsel claim could result in the quandary of Harcourt's arguing his own ineffectiveness. However, that possibility dissolved, in part, because Hamm was represented by other counsel throughout a portion of the Rule 32 proceedings. The possibility also did not come to fruition because, to the extent any procedurally defaulted ineffective

> **considering whether post-conviction counsel was ineffective. (Doc. no. 28, ¶¶ 3-6, pp. 5-12) (citing Doc. no. 26 (Memorandum Opinion) Section IV.B.1, pp. 14-17, and 24 n.6))).**

Only one aspect of this argument of error merits further discussion. Hamm contends that this court suggested that *Martinez* required a heightened prejudice inquiry when it described the prejudice analysis as "specialized" in connection with assertions of post-conviction counsel error and procedurally defaulted ineffective assistance of trial counsel claims. (Doc. no. 28, ¶ 3, p. 5) (citing Doc. no. 26 (Memorandum Opinion) Section IV.B.1, p.17))). The language prior to the passage complained about by Hamm recites the well-known standard of prejudice for ineffective assistance of trial counsel claims. (Doc. no. 26, pp. 16-17) (Prejudice requires "a showing [that must] go beyond proof 'that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584 (1982); *see McCoy v. Newsome*, 953 F.2d 1252, 1261 (11th Cir. 1992) (per curium)." (alteration supplied). This court abided by that standard when examining Hamm's habeas claims for *Martinez* purposes. Moreover, the use of the word "specialized" is not commensurate with "heightened" as Hamm suggests.

The court cannot ignore that the *Martinez* opinion also reads that the prejudice showing must be a "substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1319 (citing for comparison, *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue)). Examination of the certificate of appealability standard should remain a comparative inquiry

---

assistance of trial counsel claims could fall within the strict confines of *Martinez*, the Memorandum Opinion either found the claims did not merit relief pursuant to 28 U.S.C. § 2254(d) standards of review or as an alternate *de novo* decision after an initial determination of procedural default.

5

and one that must be considered in light of the traditional prejudice standard applicable to the question of post-conviction counsel's ineffectiveness. Accordingly, to avoid confusion, the Memorandum Opinion shall be altered and amended to strike the following sentence, "In the event that the cause appears in the form of a *Martinez* exception, a specialized standard applied." (Doc. no. 26, p. 17).

**III.   Conclusion**

After careful examination, and with the exception of the one sentence addressed in the immediately preceding paragraph, the Petitioner has shown no basis for or purpose to be served by altering or amending the judgment. The Memorandum Opinion contains no manifest errors of law or fact, and the motion is an attempt to relitigate old matters and present arguments and evidence that could have been raised prior to judgment.

For the foregoing reasons, the Motion to Alter or Amend the Judgment (doc. no. 28) is due to be GRANTED IN PART and DENIED IN PART. Specifically, the motion is due to be GRANTED only to strike from the Memorandum Opinion one sentence that reads: "In the event that the cause appears in the form of a *Martinez* exception, a specialized standard applies." (Doc. no. 26, p. 17). Additionally, the court finds that the Memorandum Opinion should be altered to include a ruling regarding Certificate of Appealability as required by Rule 11 of the Rules Governing Section 2254 Cases. Because the alterations do not result in habeas relief, however, the motion is due to be DENIED to the extent that Hamm requests reversal of his capital murder conviction and sentence of death. Hamm's Motion for Evidentiary Hearing is (doc. no. 29) due to be DENIED.

**IV.   Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, the court has evaluated the claims

within the petition for suitability for the issuance of a certificate of appealability (COA). See 28 U.S.C. § 2253.

Rule 22 (b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that ) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 472, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The court finds that reasonable jurists could not debate its resolution of Hamm's claims. For the reasons stated in its Memorandum Opinions, the issuance of a COA with respect any claims is due to be **DECLINED**.

The Clerk is **DIRECTED** to term documents 28 and 29.

DONE and ORDERED this 15th day of August, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE